Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SERVIMETAL, INC.<br><br>Demandante Apelada<br><br>v.<br><br>ROY D. ALLEN Y OTROS<br><br>Demandados Apelantes | KLAN202500293 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Toa Alta<br><br>Caso Núm.:<br>TA2022CV00833<br><br>Sobre:<br>Cobro de Dinero - Ordinario |

Panel especial integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2025.

Comparecen el señor Abimael Padilla Negrón, y la corporación Challenger Brass & Copper, Inc. (Apelantes) vía *Apelación* y solicitan que revoquemos dos determinaciones del Tribunal de Primera Instancia, Sala Superior de Toa Alta, emitidas el 11 de febrero de 2025 y el 4 de marzo de 2025, respectivamente. En dichos dictámenes, el foro recurrido dictó Sentencia Sumaria a favor de Servimetal, INC. (Apelada) y resolvió sin lugar una moción de reconsideración. Por los fundamentos que expondremos, confirmamos la *Sentencia* recurrida.

En síntesis, el caso de epígrafe trata sobre una *Demanda* de cobro de dinero presentada el 16 de agosto de 2022 por la Apelada contra Roy D. Allen, Abimael Padilla Negrón, y la corporación Challenger Brass & Copper, Inc. En ella se alegó que los Apelantes adeudaban la

cantidad de $20,000.75 por concepto de mercancía y material conocido como "Hot Rolled Steel" y Galvalume, más la cantidad de $795.00 por gastos incurridos por la Apelada, para un total de $20,795.00. Adujo, además, que los señores Roy D. Allen y Abimael Padilla Negrón suscribieron una solicitud de crédito y documento de garantía titulado *Contrato de Garantía Continua*, mediante la cual se obligaron a pagar cualquier deuda que tuviese la corporación Challenger Brass & Copper, Inc. con la Apelada. Arguyó también que requirieron a los Apelantes el pago de la deuda, pero las gestiones resultaron infructuosas. La Apelada manifestó, además, que los señores Roy D. Allen y Abimael Padilla Negrón eran personas mayores de edad, capacitadas y que no estaban actualmente activos en el ejército de los Estados Unidos de América.

Solicitaron al Tribunal de Primera Instancia que declarara Ha Lugar la *Demanda* presentada y que condenara a los Apelantes a satisfacer la suma adeudada, las costas y gastos del procedimiento, así como la suma adicional de $6,000.22 por concepto de honorarios de abogado. El 9 de septiembre de 2022, la Apelada notificó al Tribunal recurrido el fallecimiento del señor Roy D. Allen, por lo que solicitó que se desestimara la causa de acción a favor del fallecido. Así las cosas, los Apelantes presentaron sus respectivas contestaciones a la Demanda. En suma, alegaron que la *Demanda* no contenía hechos específicos que ameritasen la concesión de un remedio, que no cuenta con alegaciones que permita concluir la existencia de una obligación o deuda vencida, líquida y exigible; además, que los documentos anejados en la demanda no cumplen con lo establecido en las Reglas de Evidencia.

Cabe destacar que el señor Abimael Padilla Negrón manifestó en su contestación a la demanda lo siguiente: "Se alega afirmativamente que el codemandado compareciente es mayor de edad, capacitado y no está actualmente activo en la reserva o el ejército de los Estados Unidos de América".[1] Luego de varios trámites procesales que no son pertinentes discutir, el Tribunal de Primera Instancia re-señaló una vista de conferencia con antelación a juicio para el 30 de enero de 2025. El 8 de enero de 2025, la parte Apelada presentó una *Moción Solicitando Sentencia Sumaria al Amparo de la Regla 36.1*, a través de la cual solicitó al foro recurrido que se dictara sentencia sumaria a su favor por no existir hechos esenciales en controversia. La referida moción fue debidamente acompañada con una declaración jurada mediante la cual declaró el asistente de vicepresidente de finanzas, el señor Eddie Otero Ramos.

En esencia, expresó en la declaración jurada que la parte Apelante adeuda la suma de $20,795.75 por conceptos de facturas pendientes de pago por mercancía, material galvanizado suplido y labor; que el señor Abimael Padilla Negrón suscribió una solicitud de crédito y un documento de garantía titulado *Contrato de Garantía Continua*, mediante el cual se obligaba en su capacidad personal y de manera solidaria a pagar cualquier deuda que tuviese la corporación Challenger Brass & Copper, Inc. junto al pago de costas, gastos, intereses y honorarios de abogado; que el declarante tenía conocimiento personal de las gestiones llevadas a cabo para el cobro de la deuda que resultaron infructuosas; que según la información que surge de sus archivos, el señor Abimael Padilla Negrón es mayor de edad,

---

[1] *Véase,* Apéndice del recurso de revisión judicial, pág. 30.

capacitado y no está activo actualmente en el ejército de los Estados Unidos de América; y que la deuda está vencida, líquida y exigible.

La solicitud de Sentencia Sumaria también fue acompañada con una certificación del Departamento de Defensa de los Estados Unidos de América, la cual establece que el señor Abimael Padilla Negrón no es miembro activo de ninguna de las ramas de las fuerzas armadas.[2] El 19 de enero de 2025, los Apelantes presentaron una *Moción Asumiendo Representación Legal y Solicitud de Remedio*. En lo pertinente, adujeron que la Apelada no presentó en su solicitud de sentencia sumaria "la condición de militar activo del director de la parte codemandada".[3] El 21 de enero de 2025, el foro recurrido emitió una *Orden* que dejó sin efecto la vista de conferencia con antelación a juicio y le concedió veinte (20) días de prórroga a los Apelantes para que presentasen su escrito en oposición a la moción de Sentencia Sumaria. El 10 de febrero de 2025, los Apelantes presentaron su *Oposición a Moción de Sentencia Sumaria*.

Alegaron, en síntesis, que habían hechos materiales o esenciales en controversia; que la Apelada omitió mencionar que condonó la deuda de un deudor solidario que ya falleció; que se ha enriquecido injustamente; y que incurrió en competencia desleal, en violación a la Ley Núm. 77 de 25 de junio de 1964, según enmendada, conocida como la *Ley Antimonopolística de Puerto Rico*, y la ley federal *Ley Antimonopolio Sherman* de 1890. Resaltamos que, en su oposición, los Apelantes no hicieron referencia a la moción de Sentencia Sumaria con respecto a los párrafos enumerados por la parte Apelada sobre los

---

[2] Íd., en la pág. 62.
[3] Íd., en la pág. 64.

hechos esenciales y pertinentes que están controvertidos. Tampoco manifestaron con precisión cuáles son los hechos que a su juicio no están en controversia, ni acompañaron su oposición con declaraciones juradas o con prueba admisible en evidencia para controvertir los que sí, según las alegaciones realizadas por la Apelada.

El 11 de febrero de 2025, el Tribunal de Primera Instancia emitió una *Sentencia Sumaria*, notificada a las partes el 13 de febrero de 2025, a través de la cual declaró Ha Lugar la demanda y ordenó al señor Abimael Padilla Negrón a pagar a la Apelada la suma principal de $20,000.75, más las costas, gastos de ejecución, los intereses legales computados desde la fecha de la radicación de la demanda y una suma adicional de $2,000.00 por concepto de honorarios de abogado. En resumen, el Tribunal concluyó que los Apelantes no presentaron defensas válidas en derecho que pudieran derrotar la solicitud de sentencia sumaria y esbozaron otra teoría desmarcada del ámbito de la sentencia sumaria planteada a los fines de derrotarla.

También añadió que el señor Abimael Padilla Negrón no presentó prueba para lograr controvertir las alegaciones formuladas en su contra. Asimismo, expresó que este último no es miembro activo de las fuerzas armadas, pues así lo establecía la certificación emitida por el Departamento de Defensa de los Estados Unidos de América presentada por la Apelada. Igualmente, manifestó que no existe ninguna controversia esencial sobre los hechos, pues se trata de una deuda reclamada, vencida, y gestiones de cobro efectuadas que resultaron infructuosas. El 28 de febrero de 2025, los Apelantes presentaron una *Moción de Reconsideración*, la cual fue declarada No Ha Lugar por el Tribunal recurrido.

Insatisfechos, los Apelantes recurren ante este Tribunal y alegan que el Tribunal de Primera Instancia erró y abusó de su discreción al dictar sentencia sumaria, pues entienden que hay hechos materiales en controversia que impiden disponer del caso de manera sumaria. También argumentan que el foro recurrido erró y abusó de su discreción por haber ignorado que uno de los co-apelantes es miembro activo de las fuerzas armadas; y por haber desatendido el argumento de las prácticas comerciales desleales y la naturaleza solidaria de la deuda, lo que a su vez impide dictar sentencia de forma sumaria.

El 23 de junio de 2025, la parte Apelada presentó su *Alegato en Oposición*. Argumentó que los Apelantes han fallado en demostrar la existencia de errores que justifiquen la revocación de la sentencia recurrida. Expresó también, que la alegación de la Apelante sobre la condición de militar activo fue refutada con la certificación emitida por el Departamento de Defensa de los Estados Unidos de América y que el argumento sobre las prácticas anticompetitivas carece de evidencia y resulta impertinente a una acción de cobro de dinero.

Sostuvo, además, que el planteamiento de los Apelantes sobre la condonación de la deuda solidaria es improcedente. Ello, porque estos no presentaron evidencia para sostener ese argumento, no hay documentos en el expediente que demuestren que la Apelada condonó la deuda y que, para que opere la condonación, debe existir un acto claro e inequívoco del acreedor perdonando la deuda, pues esta no se presume. Sostienen, también, que el fallecimiento de un deudor no equivale a la condonación de una deuda. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

Es claro que el mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de Procedimiento Civil, *supra*, y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023) (citando a *Segarra Rivera v. Int'l. Shipping et al.,* 208 DPR 964 (2022)). Así, la Regla 36.2 de Procedimiento Civil, *supra*, permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Véase *Torres Pagán et al. v. Mun. de Ponce,* 191 DPR 583 (2014). A su vez, el peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil, *supra*; *Oriental Bank v. Caballero García*, 212 DPR 671 (2023) (citando a *Mun. de Añasco v. ASES et al.*, 188 DPR 307 (2013)). Véase, también, *Ramos Pérez v. Univisión,* 178 DPR 200 (2010) (citando a *Luan Invest. Corp. v. Rexach Const. Co.*, 152 DPR 652 (2000)).

Asimismo, la Regla 36 regula la oposición a que se dicte sentencia sumaria, la cual debe citar específicamente los párrafos enumerados que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. Regla 36.3(b)(2) de Procedimiento Civil, *supra*. Como se puede apreciar, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas et al*., 199 DPR 664 (2018) (citando a

*Rodríguez Méndez et al. v. Laser Eye*, 195 DPR 769 (2016); *Ramos Pérez v. Univisión, supra*). En la medida en que meras afirmaciones no bastan para derrotar una solicitud de sentencia sumaria, la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados. Íd.; *Ramos Pérez v. Univisión, supra*.

No obstante, si el foro primario (1) no dicta una sentencia sobre la totalidad del pleito; (2) no concede todo el remedio solicitado; o (3) deniega la moción, y es necesario celebrar juicio, será obligatorio que dicho foro resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos. Regla 36.4 de Procedimiento Civil, *supra*. De hecho, el foro primario también deberá incluir hasta qué extremo la cuantía de los daños u otra reparación no está en controversia y una orden para la continuación de los procedimientos que sean justos en el pleito, con una vista evidenciaría limitada a los asuntos en controversia. Íd. En tales casos, el foro primario podrá utilizar la enumeración que las partes le presentaron. *Ramos Pérez v. Univisión*, *supra*. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. Regla 36.4 de Procedimiento Civil, *supra*.

En cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de Procedimiento

Civil, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

En nuestro ordenamiento jurídico, en materia de obligaciones y contratos, existen diferentes tipos de obligaciones. Entre ellas, se encuentran las obligaciones mancomunadas y las solidarias. El Tribunal Supremo de Puerto Rico ha definido las obligaciones mancomunadas como aquellas obligaciones mediante las cuales "cada deudor tendrá que cumplir con la parte de la prestación que le corresponda". *Pérez et al. v. Lares Medical et al.*, 207 DPR 965, 977 (2021). En las obligaciones solidarias, en cambio, "cada acreedor tiene el derecho a reclamarle a cualquiera de los deudores la totalidad de la prestación y cada uno de los deudores está obligado a realizarla íntegramente". Íd. Además, nuestro máximo foro ha definido el concepto del deudor solidario como "quien suscribe conjuntamente con otro un documento en el que los prestatarios se obligan solidariamente al pago de determinada cantidad". *Mansiones P. Gardens, Inc. v. Scotiabank*, 114 DPR 513, 519 (1983).

Con respecto a la concurrencia de deudores en las obligaciones contractuales, el Código Civil de 1930 establece en el Artículo 1090 que las obligaciones solidarias no se presumen.[4] Art. 1090 del Código

---

[4] Por razón del *Contrato de Garantía Continua* haberse otorgado antes del 2020, se utilizará el Código Civil del 1930 para fundamentar nuestros criterios.

Civil de 1930, 31 LPRA sec. 3101. Es decir, las obligaciones solidaras deben pactarse de manera expresa. Íd. Ahora bien, El Artículo 1096 del referido cuerpo estatutario dispone que "[l]a novación, compensación, confusión o remisión de la deuda, hechas por cualquiera de los acreedores solidarios, o con cualquiera de los deudores de la misma clase, extinguen la obligación". Art. 1096 del Código Civil de 1930, 31 LPRA sec. 3107.

En el presente caso, se desprende del expediente con meridiana claridad, que los Apelantes no cumplieron con los requisitos establecidos en el inciso (b) de la Regla 36.3 de las de Procedimiento Civil al presentar su oposición a la moción de Sentencia Sumaria. La referida oposición no hace referencia alguna a los párrafos enumerados por la parte Apelada en su moción, así como tampoco fue sustentada con declaraciones juradas o prueba admisible en evidencia para controvertir las alegaciones formuladas en su contra.

Por otra parte, la Apelada presentó una certificación emitida por el Departamento de Defensa de los Estados Unidos de América que demuestra que el co-apelante Abimael Padilla Negrón no es miembro activo de las fuerzas armadas. Además, el propio co-apelante expresó en su contestación a la demanda que este no era miembro activo de las fuerzas armadas. Asimismo, el planteamiento sobre las prácticas comerciales desleales no tiene correlación alguna con la acción de cobro de dinero interpuesta por la Apelada.

De otro lado, al señalar como error que el Tribunal de Primera Instancia no atendió la naturaleza solidaria de la deuda bajo la teoría de hubo condonación del fallecido y que ello benefició a a los demás deudores solidarios, se utilizó como fundamento el Artículo 1100 del

Código Civil de 2020, pero lo cierto es que resulta de aplicación el Artículo 1096 del derogado Código Civil de 1930, pues el *Contrato de Garantía Continua* fue suscrito por los señores Roy D. Allen y Abimael Padilla Negrón en el año 2019, antes de la vigencia del nuevo Código Civil. Mas, independientemente de ello, los Apelantes no señalaron con especificidad cómo precisamente la Apelada condonó la deuda del deudor solidario fallecido, el señor Roy D. Allen, ni tampoco ello surge del expediente, anejo o documento alguno que sostenga ese señalamiento.

Por consiguiente, concluimos que el Tribunal de Primera Instancia actuó correctamente al determinar que el co-apelante, Abimael Padilla Negrón, no controvirtió los hechos propuestos por la Apelada. Por el contrario, resolvemos que los hechos tomados como incontrovertidos por el Tribunal de Primera Instancia en efecto lo son y que su Sentencia es correcta en derecho.

Por los fundamentos expresados, confirmamos la *Sentencia* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones